# WILLIAM SIBISKI *v.* STATE OF MARYLAND

[No. 42, September Term, 1973.]

*Decided October 23, 1973.*

The cause was submitted on briefs to ORTH, C. J., and MORTON and GILBERT, JJ.

Submitted by *Charles A. Norris* for appellant.

Submitted by *Francis B. Burch, Attorney General, Harry A. E. Taylor, Assistant Attorney General,* and *Paul D.*

*Bailey, Jr., State's Attorney for St. Mary's County*, for appellee.

GILBERT, J., delivered the opinion of the Court.

William Sibiski, appellant, was convicted in the Circuit Court for St. Mary's County of possession of a controlled dangerous substance, *i.e.*, lysergic acid diethylamide — LSD. He was fined $500.00.

In this Court, appellant argues that there was no probable cause for the police to arrest him or to conduct a search of his person. He contends here, as he did in the trial court, that the evidence taken from him should have been suppressed. We agree, and reverse the judgment for the reasons stated *infra*.

Deputy Sheriffs Ron Clarke and Chuck Kerr applied on June 2, 1972 to the Circuit Court for St. Mary's County for a search warrant for the premises known as "236 Chinlee Drive, Center Gardens, Lexington Park, St. Mary's County. This apartment leased and occupied by one; Michael Schmitt." The affidavit in support of the warrant was bottomed on information furnished by two informants that "marijuana parties" were conducted on the premises.

In view of our disposition in this case, it is unnecessary to discuss the reliability and credibility of the informants, or whether, *vel non*, the affidavit meets the clear dictates of *Aguilar v. Texas*, 378 U. S. 108, 84 S. Ct. 1509, 12 L.Ed.2d 723 (1964), and a plethora of cases of this Court. *See, e.g.*, *Schmidt v. State*, 17 Md. App. 492, 302 A. 2d 714 (1973); *Hignut v. State*, 17 Md. App. 399, 303 A. 2d 173 (1973); *Soles v. State*, 16 Md. App. 656, 299 A. 2d 502 (1973); *Thompson v. State*, 16 Md. App. 560, 298 A. 2d 458 (1973); *Lomax v. State*, 16 Md. App. 502, 298 A. 2d 454 (1973); *Hudson v. State*, 16 Md. App. 49, 294 A. 2d 109 (1972).

The warrant contained the wording:

"You are, therefore, hereby commanded, with the necessary and proper assistance to:
* * *

e. Arrest all persons found in or upon said premises and vehicle who may be participating in violations of the statutes hereinbefore cited:"

When the deputies executed the warrant they "entered the premises approximately 10:00, p.m. There were approximately nine or ten people in the downstairs section of the house . . ."

Deputy Clarke testified that, "Everybody was detained in the house." Deputy Purdy, who participated in the execution of the warrant, said, "Deputy Clarke and Kerr advised the subjects inside — there were four or five — and advised them they were under arrest, they had a search warrant for the premises." Purdy maintained a guard over the "subjects" who were seated in the living room, while Clarke conducted the search. Admittedly, when the police arrived at the residence, they did not observe a violation of any law, nor were they able to say that the appellant, at any time prior to the search of his person, was violating any law. Clarke found a quantity of marijuana, which he described as a "small amount, enough to maybe roll one cigarette, maybe — small," in a pocket of a jacket lying on a bed in a room on the second floor. The ownership of the jacket was never ascertained. Based upon the discovery of the marijuana in the pocket of the jacket, Clarke ordered a search of each of the persons who were in the downstairs living room. In order to justify the search of the appellant, the Assistant State's Attorney argued, and the trial court agreed, that the finding of the marijuana in the jacket pocket in the upstairs bedroom constituted the commission of a misdemeanor in the presence of the deputies by the appellant and the other "four or five" or "nine or ten" persons in the living room.

The State candidly admits that, ". . . the bare right to search the premises does not, of itself, confer a right to search and/or arrest persons found upon the premises."

In *Haley v. State*, 7 Md. App. 18, 253 A. 2d 424 (1969), we said, at 25:

"The search of . . . [a person] and the seizure of

evidence found on his person would be valid only if made under the authority of the warrant or as incident to a legal arrest outside of the warrant by reason that the officers had probable cause to believe that a felony had been committed and that the arrestee committed it or had probable cause to believe that a misdemeanor had been or was being committed in their presence and that the misdemeanant committed it or that the search was made with the voluntary consent of the person searched."

The discovery of the small amount of marijuana in the pocket of a jacket lying on the bed in the second floor bedroom does not, in our view, establish probable cause for the belief that a misdemeanor is being committed by the persons seated in the living room on the first floor in the absence of a clear connection between the marijuana and those persons. The fact that the police were frustrated in their efforts (if, in fact, such efforts were made) to ascertain the identity of the owner of the jacket, and hence the marijuana, does not justify a wholesale search of all persons on the premises who, as we have stated, are observed to be occupied in lawful pursuits.

When the appellant was searched, there was discovered in his wallet a piece of paper upon which there were "three and a quarter [green] dots." The dots were "analyzed to be LSD 889. micrograms per dot."

The State endeavors to establish the possibility of a consensual search by reason of the officer's asking to see the appellant's wallet. The testimony is pellucid that a search had been ordered by Deputy Clarke of each of the persons in the house; that in the course of that search, when the police asked for appellant's wallet and he surrendered the wallet to the officer, such surrender is not the equivalent of a consensual search. See Kelly v. State, 18 Md. App. 145, 305 A. 2d 195 (1973).

The Fourth Amendment to the Constitution of the United States provides:

> *"The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated,* and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." (Emphasis supplied).

We think it crystal clear that the search in this case violates the Fourth Amendment's prohibition against "unreasonable searches and seizures."

The very most that the record in this case reveals, prior to the search of appellant's person, is that he [appellant] was arrested while visiting an apartment where informants had stated that "marijuana parties were held," and a "small amount" of marijuana was found in a pocket of a jacket on a bed in the second floor bedroom. No effort was made by the State to establish any proprietary or possessory interest on the part of appellant in the apartment of Michael Schmitt, nor, as we have previously noted, did the State show that the jacket belonged to the appellant. Although the trial judge admitted the marijuana into evidence, there was, in this case, no legally sufficient reason for the police to have arrested the appellant, and the subsequent search of his person was illegal. The motion to suppress the evidence, grounded upon the illegality of the arrest, should have been granted.

*Judgment reversed.*

*Costs to be paid by County Commissioners of St. Mary's County.*